UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Respondent, | ) |
| v. | ) Case No. 2:16-cr-20077-SLD-JEH |
| MARSHON SIMON, | ) |
| Defendant-Petitioner. | ) |

ORDER

The matter comes before the Court on United States Magistrate Judge Jonathan Hawley's oral report and recommendation that the Court grant Defendant-Petitioner Marshon Simon's First Supplement to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Supplemental 2255 Motion"), ECF No. 83, on the basis that his counsel's failure to raise a challenge to his sentence being enhanced because of a prior Illinois cocaine conviction constituted ineffective assistance of counsel, *see generally* Evidentiary Hr'g Tr., ECF No. 116; the Government's objections to the report and recommendation, Objs., ECF No. 118; Simon's Second Supplement to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Second Supplemental 2255 Motion"), ECF No. 104; and Simon's Third Supplement to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Third Supplemental 2255 Motion"), ECF No. 112. For the reasons that follow, the objections are OVERRULED, and the report and recommendation is ADOPTED. Simon's Supplemental 2255 Motion is GRANTED. His sentence is VACATED. The Second Supplemental 2255 Motion and Third Supplemental 2255 Motion are MOOT.

1

# BACKGROUND[1]

## I. Procedural Background

Simon filed a *pro se* motion under 28 U.S.C. § 2255 arguing that Judge Colin Bruce, who was then presiding over his case, violated his due process rights and 28 U.S.C. § 455(a) by failing to recuse from his case and that his attorney, Assistant Federal Public Defender Elisabeth Pollock, provided ineffective assistance of counsel with respect to a motion to suppress and by failing to raise the Judge Bruce-related claims on appeal. *See* Pro Se 2255 Mot. 4,[2] ECF No. 60; Mem. Supp. 1, 3–5, ECF No. 60-1. The Court appointed counsel to represent Simon, *see* Mar. 30, 2020 Text Order, and counsel filed a motion that, as relevant here, expounded on the Judge Bruce-related claims, *see* Counseled 2255 Mot. 2, ECF No. 73. Counsel then filed the Supplemental 2255 Motion arguing that Simon's sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was invalid and that Pollock was ineffective for failing to object to Simon being deemed an armed career criminal based on a prior Illinois cocaine conviction. *See* Suppl. 2255 Mot. 1–2.

The Court denied all of Simon's claims without an evidentiary hearing except his claim that Pollock was ineffective for failing to object to the ACCA enhancement on the basis that Simon's Illinois cocaine conviction was not a predicate serious drug offense. *See* Mar. 30, 2023 Order 28–29, ECF No. 101.

Subsequently, the Court granted Simon leave to file the Second Supplemental 2255 Motion. *See* June 8, 2023 Text Order. In the Second Supplemental 2255 Motion, Simon argues that his prior Illinois attempted armed robbery conviction should not have counted as an ACCA

---

[1] The Court presumes familiarity with its March 30, 2023 Order, ECF No. 101, and only includes the background necessary to resolve the currently pending motions.
[2] The Court uses the page numbers generated by CM/ECF as the motion is inconsistently paginated.

predicate either, pointing to *United States v. Taylor*, 596 U.S. 845, 852 (2022), in which the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c). Second Suppl. 2255 Mot. ¶¶ 1, 4. The Government argues that Illinois attempted armed robbery remains a violent felony under the ACCA after *Taylor*. Resp. 3, ECF No. 108. Simon then filed the Third Supplemental 2255 Motion which appears to simply be a reply in support of his Second Supplemental 2255 Motion. *See, e.g.*, Third Suppl. 2255 Mot. ¶ 5 (providing additional argument about the elements of attempted armed robbery). Because the Court finds below that Simon has established his claim of ineffective assistance of counsel and vacates his sentence on that basis, the Court need not address this claim. Accordingly, these two motions are MOOT.

    II.    **ACCA Serious Drug Offense**

As context for the forthcoming analysis, the Court briefly repeats its reasoning on Simon's claim that Pollock was ineffective for failing to argue that his Illinois cocaine conviction could not be an ACCA predicate serious drug offense. *See* Mar. 30, 2023 Order 23–28.

18 U.S.C. § 924(e)(1) sets a mandatory fifteen-year sentence of imprisonment for individuals who violate § 922(g) and have "three previous convictions . . . for a violent felony or a serious drug offense, or both." Simon was found to be an armed career criminal based on three prior convictions for violent felonies or serious drug offenses. *See* Presentence Investigation Report ("PSR") ¶ 21, ECF No. 34; Sentencing Hr'g Tr. 6:13–15, ECF No. 48 (adopting the PSR). One of those convictions was a Macon County, Illinois conviction for possession of more than one but less than fifteen grams of cocaine with intent to deliver under 720 ILCS 570/401(c)(2). *See* PSR ¶ 30.

As relevant here, a "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in . . . 21 U.S.C. [§] 802[]), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). "[C]ontrolled substance" is defined in 21 U.S.C. § 802 as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6). Thus, a serious drug offense, at least as relevant here, is an offense under a state law that criminalizes manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance included in the federal drug schedules if it has a maximum term of imprisonment of at least ten years.

In *United States v. Ruth*, 966 F.3d 642, 647 (7th Cir. 2020), the Seventh Circuit held that Illinois law categorically defines cocaine more broadly than federal law because in Illinois, cocaine is defined to include optical, positional, and geometric isomers while under federal law, cocaine includes only optical and geometric isomers. *Id.* (comparing 21 U.S.C. § 802(17)(D) and § 812, Schedule II(a)(4) with 720 ILCS 570/206(b)(4)). Because of this mismatch, the court held that an Illinois conviction for possessing cocaine with intent to deliver under 720 ILCS 570/401(c)(2) did not qualify as a predicate felony drug offense for an enhanced statutory maximum under 21 U.S.C. § 841(b)(1)(C). *See Ruth*, 966 F.3d at 645–50.

The same reasoning applies to serious drug offenses under § 924(e)(2)(A). Because Illinois defines cocaine more broadly than federal law, an Illinois cocaine conviction could be based on a substance not included in the federal drug schedules and, accordingly, cannot serve as a predicate serious drug offense under § 924(e)(2)(A) under the categorical approach. *Cf. Ruth*, 966 F.3d at 651 (noting that if the career offender guidelines "incorporat[ed] the Controlled

4

Substances Act's definition of controlled substance (and its schedules of enumerated substances)," an Illinois cocaine conviction could not serve as a predicate controlled substance offense for purposes of the career offender enhancement because "the Illinois statute covering positional isomers of cocaine is broader than the federal definition of cocaine").

Simon's Illinois cocaine conviction should not have been considered a predicate offense under the ACCA and Simon should not have been eligible for the ACCA enhancement. The Court found in its March 30, 2023 Order that Simon could show prejudice from Pollock's failure to raise this challenge at sentencing because the ACCA enhanced his statutory mandatory minimum and his Sentencing Guidelines offense level. Mar. 30, 2023 Order 24–26. The Court found that it was reasonably probable that Simon would have been sentenced to less time if Pollock had challenged the ACCA enhancement on this basis. *Id.* at 26.

"The trickier question," the Court noted, was "whether Simon [could] show that Pollock performed deficiently by failing to raise th[e] issue at his sentencing in June 2018." *Id.* It found that "Pollock likely should have been aware of a potential categorial challenge to Simon's predicate offenses in 2018," but that it was not clear whether she explored the claim and "decided, as a matter of strategy, to make other arguments." *Id.* at 28. The Court ordered an evidentiary hearing to determine whether Pollock considered such a challenge. *Id.*

III. **Evidentiary Hearing**

The Court referred the matter to Judge Hawley to conduct the hearing. *Id.* at 29. The hearing was held on November 15, 2023. Nov. 15, 2023 Min. Entry.

Simon called Pollock to testify. *See* Evidentiary Hr'g Tr. 5:5–9. Pollock "recall[ed] thinking that when [she] was preparing the initial case notes [for Simon's case] that [she] knew of no available challenge" to counting an Illinois controlled substance offense as an ACCA

5

predicate. *Id.* at 10:18–11:6. She "never considered" raising a categorical approach objection to Simon's cocaine conviction. *Id.* at 31:19–21; *id.* at 16:15–18 (testifying that it was correct that she "did not consider a *Ruth*-style objection for . . . [Simon's] drug predicates"). And she did not research whether she could make such an argument at the time. *Id.* at 17:17–18; *id.* at 32:14–18 ("I don't think it's fair to say that there were not existing cases in the country where the categorical approach was raised with regards to drug offenses. I just didn't know about them or didn't research it.").

Pollock first became aware of the argument that was eventually successful in *Ruth* in 2020, *id.* at 34:20–25, when she learned that a colleague would be raising it, *see id.* at 28:12–29:1. Her first reaction to his idea was that "it would never work" because she "thought the difference between three and two isomers was not likely to make a legal impact." *Id.* at 29:2–10. She also testified that after she learned of the argument, she wanted to "wait and see what happened" with her colleague's case before raising it in her own cases. *See id.* at 29:25–30:10.

After hearing the evidence, Judge Hawley noted that the question he was tasked with answering was whether Pollock "ma[d]e a strategic decision not to raise" a *Ruth*-style challenge to Simon's Illinois cocaine conviction being used as an ACCA predicate. *Id.* at 44:18–23. He concluded that based on Pollock's testimony, she was not aware of the possibility for such a challenge at the time of Simon's sentencing and because she was not aware, she could not have made "a strategic decision to not raise the issue." *Id.* at 45:16–21; *id.* at 47:3–11. Accordingly, he recommended that the Court grant Simon's § 2255 motion. *Id.* at 47:21–48:3.

IV. **Objections**

The Government objects to Judge Hawley's report and recommendation. Objs. 1.[3] It argues that Pollock was not ineffective for failing to raise a *Ruth*-style argument because: first, she was aware of potential categorical challenges to ACCA predicates and made the one she thought had a chance of success, *id.* at 6; second, "the result of the proceeding would have been the same even if counsel ha[d] been fully cognizant of the [*Ruth*-style argument] at the time of [Simon's] sentencing" because she testified that, once she learned about the argument, she would not have raised it in her cases, *id.* at 6–8; and third, the decision to focus on challenging Simon's attempted armed robbery predicate was strategic, *id.* at 8–9.

## DISCUSSION

I. **Legal Standard**

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days. *Id.* 72(b)(2). The district judge considers *de novo* the portions of the recommended disposition that were properly objected to and may accept, reject, or modify the recommended disposition or return it to the magistrate judge for further proceedings. *Id.* 72(b)(3).

II. **Analysis**

Considering the issues *de novo*, the Court concludes that Simon has established his claim of ineffective assistance of counsel. Claims of ineffective assistance of counsel are subject to the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). This test requires a

---

[3] The Court uses the page numbers generated by CM/ECF because the objections are not paginated.

defendant to show that his counsel's performance "fell below an objective standard of reasonableness" and that he suffered prejudice as a result. *Id.* at 688, 692.

The Court has already concluded that Simon can show prejudice. Mar. 30, 2023 Order 24–26. It is unclear whether the Government's argument that "the result of the proceeding would have been the same" because even if Pollock knew about the argument, she would not have made it is intended to challenge the Court's earlier finding of prejudice or whether it is an argument about deficient performance. *See* Objs. 6–8. If the former, it does not convince the Court that its earlier analysis was incorrect. Indeed, the Seventh Circuit relied on the same type of prejudice analysis—assessing whether the defendant would have likely been sentenced to less time in prison if the *Ruth*-style argument had been made successfully in his case—in *Coleman v. United States*, 79 F.4th 822, 832–33 (7th Cir. 2023).

As to deficient performance, the Seventh Circuit held in *Coleman* that "it would have been objectively unreasonable for . . . defense counsel to have not even *considered* a categorical challenge to the government's reliance on prior Illinois cocaine convictions to enhance [the defendant's] sentence" for a sentencing held in 2014. *Id.* at 831–32. Simon's sentencing hearing was four years after that, when even more of the cases laying the groundwork for the argument that was eventually successful in *Ruth* had been decided. *See Harris v. United States*, 13 F.4th 623, 629–30 (7th Cir. 2021). Thus, it likewise would have been objectively unreasonable for Pollock to have not considered a challenge to reliance on Simon's prior Illinois cocaine conviction to enhance his sentence. As Pollock was not aware of the potential for such a challenge, did not research it, and did not consider making it, *see* Evidentiary Hr'g Tr. 16:15–18, 17:17–18, 31:18–21, 32:14–18, she performed objectively unreasonably.

The Government's arguments to the contrary do not convince the Court otherwise. Its first argument is that Pollock was aware of the categorical approach in general and "chose to approach it from the best angle at the time" by arguing that Simon's attempted armed robbery conviction did not qualify as an ACCA predicate. *See* Objs. 5–6. The relevant inquiry is not whether Pollock was aware of the categorial approach generally but instead whether she was aware of using the categorical approach to make a challenge based on the state versus federal definitions of cocaine. *Cf. Coleman*, 79 F.3d at 832 (holding that "it would have been objectively unreasonable . . . to have not even *considered* a categorical challenge to . . . reliance on prior Illinois cocaine convictions to enhance Coleman's sentence"); *Harris*, 13 F.4th at 629–30 ("We do not know whether counsel was aware of a possible categorical challenge to Indiana's definition of an isomer."). The rest of the Government's argument rests on the false premise that Pollock could have made an informed decision to "approach [the issue] from the best angle" or "to deploy the strongest argument available," Objs. 5–6, when her testimony was that she was not aware of any challenges to the cocaine conviction as a predicate and did not consider making one.

The Government's third argument—that Pollock's decision to focus on challenging the attempted armed robbery was a strategic decision about how to use her time, *id.* at 8–9—likewise relies on the false premise that she strategically decided to focus on one issue to the exclusion of another when her testimony was that she did not consider the *Ruth*-style argument. As Judge Hawley put it, the Government's argument is akin to saying that "a lawyer makes a strategic decision to be unaware of certain areas of the law." Evidentiary Hr'g 49:4–9. The Government cites no case law, other than the dissent from *Coleman*, to support its argument. *See* Objs. 8 (citing *Coleman*, 79 F.4th at 834). A defense counsel has "a duty to make reasonable

9

investigations or to make a reasonable decision that makes particular investigations unnecessary." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quotation marks omitted). And here, Pollock's testimony was that she made no investigation into this issue and that she made no decision not to—she simply was not aware of it.

The Government's last argument fares no better. Essentially, it is arguing that because Pollock testified that she wanted to wait and see what happened in her colleague's case before raising it in her own cases, she would have made the same decision if she learned of the argument in 2018 before Simon's sentencing. *See* Objs. 7–8. But Pollock was not aware of the argument and did not consider it in 2018. Her later thoughts about its merits do not transform her lack of consideration in 2018 into a strategic decision not to raise the issue.

The Government attempts to analogize this case to *Harris*, in which the Seventh Circuit held that regardless of whether the attorney was "aware of a possible categorical challenge to Indiana's definition of an isomer," his failure to raise the argument was objectively reasonable because had counsel pursued that novel argument, it would have risked the government withdrawing its offer to agree to a sentence of twenty years under Federal Rule of Criminal Procedure 11(c)(1)(C) and his client could have faced a mandatory life sentence. *Harris*, 13 F.4th at 630–31 ("If the challenge was successful, Harris would not have a mandatory minimum sentence. But if the challenge was unsuccessful, Harris would face a mandatory life sentence. And if counsel raised the challenge, the government might have withdrawn its plea offer."). But there were no similar risks to Simon such that it would necessarily have been objectively reasonable to forego arguing that the Illinois cocaine conviction did not qualify as an ACCA predicate. This case is far more similar to *Coleman,* and thus the Court concludes that it was objectively unreasonable for Pollock to not even consider raising the argument.

10

Because Simon has established both deficient performance and prejudice, he has established his ineffective assistance of counsel claim based on Pollock's failure to argue that his Illinois cocaine conviction did not qualify as a predicate serious drug offense under the ACCA.

## CONCLUSION

Accordingly, the Government's objections, ECF No. 18, are OVERRULED, and the Court ADOPTS United States Magistrate Judge Jonathan Hawley's oral report and recommendation, *see generally* Evidentiary Hr'g Tr., ECF No. 116. Defendant-Petitioner Marshon Simon's First Supplement to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 83, is GRANTED IN PART. Simon's sentence is VACATED, and he will be resentenced. The Second Supplement to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 104, and Third Supplement to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 112, are MOOT. The matter is set for an attorneys-only video status conference on February 7, 2024 at 10:30 AM to discuss scheduling. Instructions for accessing the Court's videoconferencing system will be attached in a separate entry. The Clerk is directed to enter judgment on the § 2255 motion indicating that the § 2255 motion was granted in part, and close the accompanying civil case, 2:20-cv-02075-SLD.

Entered this 2nd day of February, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
